UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22227-KMM

YAHAV ENTERPRISES LLC, d/b/a
THE ALEXANDER HOTEL,

    Plaintiff,

v.

BEACH RESORTS SUITES LLC; SAMFLAX
STORES LLC; and HORA MANAGEMENT
PROGRAM LLC,

    Defendants.
    _____/

## **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendants, Beach Resorts Suites, LLC ("Beach Resorts"), Samflax Stores, LLC ("Samflax"), and Hora Management Program, LLC's ("Hora Management") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 25). Plaintiff Yahav Enterprises LLC ("Plaintiff") filed a Response (ECF No. 31) and Defendants replied (ECF No. 33). Therefore, the Motion is ripe for review. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court grants Defendants' Motion to Dismiss.

### I.   BACKGROUND

Plaintiff alleges that it is the owner of various trademarks, including the Alexander Hotel (the "Disputed Mark"), stemming from its ownership interest in The Alexander Hotel in Miami, Florida. Am. Compl. ¶ 1 (ECF No. 24). According to Plaintiff's Amended Complaint, Defendants have engaged in a pattern of systematic use and marketing of the Disputed Mark, thus infringing on Plaintiff's intellectual property rights. *See generally* Am. Compl.

On June 12, 2015, Plaintiff filed a twenty-one count Complaint, consisting of 200 paragraphs, against Defendants alleging trademark infringement under the Lanham Act (Count I), federal unfair competition (Count II), common law trademark infringement (Count III), common law unfair competition (Count IV), tortious interference with business relationships (Count V), federal copyright infringement (Count VI), and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA) (Count VII).  Compl. (ECF No. 1).[1]  Defendants filed a Motion to Dismiss (ECF No. 20) in response to the Complaint.  Based on the deficiencies highlighted by Defendants in the initial motion to dismiss, Plaintiff then sought leave from the Court to file an amended complaint, which the Court granted pursuant to Federal Rule of Civil Procedure 15(a).  Subsequently, on August 13, 2015, Plaintiff's eighteen-count Amended Complaint, now consisting of 182 paragraphs, was entered on the docket (ECF No. 24).[2]  Shortly thereafter, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 25).  The Court now turns to Defendants' motion.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  The purpose of this requirement is "to give the defendant fair notice of what the claim is and the

---

[1] Plaintiff alleges the same seven counts against each of the three named defendants such that it has asserted twenty-one counts of entirely duplicative allegations.

[2] The Court notes that the only notable difference between the initial Complaint and the Amended Complaint, filed approximately two months later, is that Plaintiff's copyright infringement claim has been withdrawn (originally labeled Count VI against each of the three defendants).  The Amended Complaint remains replete with grammatical and spelling errors, duplicative allegations, misidentification of parties, and conflations of law that muddle this Court's ability to determine whether Plaintiff has stated "a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.

grounds upon which it rests." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). However, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

A complaint must also contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. DISCUSSION

Defendants now move to dismiss this cause of action, arguing that Plaintiff has not sufficiently alleged that it owns the Disputed Mark. Alternatively, Defendants argue that Plaintiff's Amended Complaint is an impermissible shotgun pleading that warrants dismissal. Plaintiff responds by countering both of Defendants' assertions. First, Plaintiff argues that it owns the Disputed Mark and has gained common law trademark rights through assignment and use. Second, regarding Defendants' shotgun pleading argument, Plaintiff claims that all three Defendants are owned by the same individual and are used interchangeably to infringe on Plaintiff's intellectual property rights. Accepting the allegations in the Amended Complaint as true, the Court finds that Defendants' Motion to Dismiss should be granted for the following reasons.

## A.     Deficiencies of Shotgun Pleadings

Complaints that violate Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often and widely referred to as shotgun pleadings. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008); *Weinstein v. City of N. Bay Vill.*, 977 F. Supp. 2d 1271, 1285 (S.D. Fla. 2013). Courts of this Circuit have consistently found the use of such pleadings an impediment to the judicial system. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014) (discussing "the persistence of the shotgun pleading problem"); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.").

In *Weiland*, The Eleventh Circuit recently expressed its continued dismay with the use of shotgun pleadings by attorneys and litigants. *Weiland*, 792 F.3d at 1321-23. Further, the Eleventh Circuit acknowledged its "thirty-year salvo of criticism aimed at shotgun pleadings" and in order to provide clarity to the issue, outlined the four categories these pleadings fall within:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* Each of these categories share a "unifying characteristic" in that "they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

### B. Plaintiff's Amended Complaint is an Impermissible Shotgun Pleading

Plaintiff's Amended Complaint is a quintessential shotgun pleading that runs afoul of Federal Rules of Civil Procedure 8(a) and 10(b). Although each count of Plaintiff's Amended Complaint does not incorporate by reference the allegations of all preceding counts, it does exhibit the fatal characteristics identified in the other three *Weiland* categories. *Id.* at 1321-23. In its current state, Plaintiff's Amended Complaint places an onerous burden on the Court's ability to discern the specific basis of Plaintiff's claims against each Defendant. Additionally, the fact that the Amended Complaint is repetitive, disorganized and barely comprehensible, only serves to highlight that Plaintiff has failed to allege its claims against the Defendants with sufficient clarity to enable them to properly frame a response.

The overwhelming flaw in Plaintiff's Amended Complaint is that it fails to distinguish precisely what each defendant is alleged to have done sufficiently enough to give Defendants fair notice. Plaintiff attempts to overcome this failure at distinguishing the liability for each defendant by cutting and pasting in whole each of its alleged six counts against each of the three defendants. This is purely a matter of form over substance and does not satisfy federal pleading requirements. *See, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *see also Lacroix v. W. Dist. of Kentucky*, No. 14-15276, 2015 WL 5673018, at *2 (11th Cir. Sept.

5

28, 2015); *Kabbaj v. Obama*, 568 F. App'x. 875, 880 (11th Cir. 2014) (finding improper shotgun pleading where "the complaint refers to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct"); *Lane v. Capital Acquisitions & Mgmt., Co.*, No. 04–60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr.14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [ ] Complaint fails to satisfy the minimum standard of Rule 8.").

The Amended Complaint contains further instances of this pleading deficiency. For example, in several of the counts alleged against Samflax, Plaintiff confusingly alleges claims against Samflax individually and then simultaneously asserts claims against Defendants as a whole. The perplexity does not end there as Counts II and III against Samflax contain claims against Hora Management. *See* Am. Compl. ¶¶ 91, 101. Further reducing the comprehensibility of the Amended Complaint, Plaintiff identifies Samflax Stores LLC as a defendant, but then brings allegations against Sam Flax of Florida, Inc., an entirely distinguishable entity. In short, the Complaint does not provide each of the Defendants with fair notice of the basis for the allegations against it.

As a general matter, many of the allegations in Plaintiff's Amended Complaint are only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that "do not suffice" to state plausible claims. *See Iqbal*, 556 U.S. at 678. The crux of Plaintiff's quest for relief stems from its ownership of the Disputed Mark. Yet, in its current form, the Amended Complaint offers nothing more than "an unadorned, the-defendant-unlawfully harmed me accusation" which is insufficient to meet Rule 8's pleading requirements. *Id.* at 677. Without facts to substantiate them, Plaintiff's allegations are nothing more than a

6

series of naked assertions, which cannot withstand a motion to dismiss. *Twombly*, 550 U.S. at 557; *see also Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014).

When a complaint is identified as being an impermissible shotgun pleading it is often suggested that the proper remedy is for a court to exercise its inherent power and order repleading *sua sponte*, rather than outright dismiss the case. *Wagner*, 464 F.3d at 1280; *Magluta v. Samples*, 256 F.3d 1282, 1284 & n.3 (11th Cir. 2001). However, this rule does not apply to situations where a plaintiff, represented by counsel, did not file a motion for leave to amend the operative complaint. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *see also Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013) ("In light of [plaintiff's] prior opportunity to amend his complaint and failure to cure its deficiencies, the district court properly exercised its discretion when it granted summary judgment without *sua sponte* inviting [plaintiff] to amend his complaint a second time.").

Here, Plaintiff has already amended its complaint once in response to the pleading deficiencies highlighted by Defendants in their initial motion to dismiss. *See* (ECF No. 20). Nevertheless, many of the same pleading deficiencies still exist in the Amended Complaint. Plaintiff's perfunctory attempts at amendment do not warrant granting an additional "bite at the apple" and Plaintiff's Amended Complaint warrants dismissal with prejudice. *Wagner*, 314 F.3d at 542; *see also Tropic Ocean Airways, Inc. v. Floyd*, 598 F. App'x 608, 612 (11th Cir. 2014) (finding that when plaintiff "never requested leave to amend and had already amended its

7

complaint once . . . the district court did not err when it dismissed [plaintiff's] claims with prejudice").

The Eleventh Circuit has made clear that shotgun pleadings "harm the court by impeding its ability to administer justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001). Litigation of this nature places an undue burden on the Court's docket and deprives it of time that "should be devoted to other cases waiting to be heard." *Id.* But, the Court is not the only one to suffer. Experience also teaches us that "unless cases are pled clearly and precisely, . . . [a] trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). Additionally, shotgun pleadings violate the spirit of the Federal Rules, which is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**IV.   CONCLUSION**

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 25) is GRANTED WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of January, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:   All counsel of record